1  BENJAMIN B. WAGNER
   United States Attorney
2  TODD PICKLES
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA95814
4  Telephone: (916) 554-2766
   Facsimile: (916) 554-2900
5



**FILED**

NOV 2 8 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK



6
7  # SEALED

8          IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10
   IN THE MATTER OF THE APPLICATION )   **2‑12 ‑ SW ‑ 0 7 8 9 ‑‑‑‑ KJN**
11 OF THE UNITED STATES            )
   OF AMERICA FOR AUTHORIZATION TO )   CASE NO. 2:12-SW-
12 OBTAIN LOCATION DATA CONCERNING  )
   A CELLULAR TELEPHONE ASSIGNED    )   ORDER
13 TELEPHONE NUMBER:661-427-8612    )
                                    )
14                                  )   **UNDER SEAL**
                                    )
15                                  )
                                    )
16 _____ )

17

18      This matter came before the Court on an application by the

19 United States for an Order pursuant to Federal Rule of Criminal

20 Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the

21 United States Drug Enforcement Administration (DEA) to ascertain the

22 physical location of the following cellular telephone assigned

23 TELEPHONE NUMBER: (661) 427-8612, and in possession of an

24 unidentified member of a drug trafficking organization, with service

25 provided by Sprint/Nextel (hereinafter "**TELEPHONE #10**"), including

26 but not limited to E-911 Phase II data (or other precise location

27 information) for **TELEPHONE #10** (the "Requested Information"), for a

28 period of thirty (30) days.

The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses.  The Court also finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation.  Furthermore, the execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510).  To the extent that the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA, beginning at any time within ten (10) days of the date of this Order and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONE #10,** with said authority to extend to any time of the day or night as required, including when **TELEPHONE #10** leaves the Eastern District of California; all of said authority being expressly limited to ascertaining the physical location of **TELEPHONE #10,** and expressly excluding the contents of any communications conducted by the user(s) of **TELEPHONE #10.**

It is further ORDERED that Sprint/Nextel, the service provider for **TELEPHONE #10,** assist agents of the DEA by providing all information, facilities, and technical assistance needed to ascertain the Requested Information, including initiating a signal to determine the location of the subject's mobile device on Sprint/Nextel's

2

1    network (or any networks it services or with which it has service
2    contracts) or with such other reference points as may be reasonably
3    available and at such intervals and times as directed by the law
4    enforcement agent serving the order, and furnish the technical
5    assistance necessary to accomplish the acquisition unobtrusively and
6    with a minimum of interference with such services as Sprint/Nextel
7    accords the user(s) of **TELEPHONE #10.**

8    It is further ORDERED that the DEA compensate Sprint/Nextel for
9    reasonable expenses incurred in complying with any such request.

10   It is further ORDERED that the Court's Order and the
11   accompanying Affidavit submitted in support thereof, as they reveal
12   an ongoing investigation, be sealed until further Order of the Court
13   in order to avoid premature disclosure of the investigation, guard
14   against flight, and better ensure the safety of agents and others,
15   except that copies of the Court's Order in full or redacted form may
16   be maintained by the United States Attorney's Office, and may be
17   served on Special Agents and other investigative and law enforcement
18   officers of the DEA, federally deputized state and local law
19   enforcement officers, and other government and contract personnel
20   acting under the supervision of such investigative or law enforcement
21   officers, and Sprint/Nextel's necessary to effectuate the Court's
22   Order.

23   It is further ORDERED that this warrant be returned to the
24   issuing judicial officer within 10 days after the termination of the
25   monitoring period authorized by the warrant.

26   It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and
27   Federal Rule of Criminal Procedure 41(f)(3), service of notice may be
28   delayed for a period of 90 days after the termination of the

1   monitoring period authorized by the warrant or any extension thereof.

2          It is further ORDERED that Sprint/Nextel, its affiliates,

3   officers, employees, and agents not disclose the Court's Order or the

4   underlying investigation, until notice is given as provided above.

5

6

7   DATED: 11/27/2012

8          HONORABLE KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4